IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SIXTA TULIA ORTEGA, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF CARLOS CASTRO ORTEGA, § § § § § Plaintiff, § § v. § § SEABOARD MARINE LTD., ET AL., § § Defendants. § § | CIVIL ACTION NO. G-04-221 |

## ORDER DENYING DEFENDANT PATT MANFIELD & COMPANY, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

This case arises out of the death of Carlos Castro Ortega ("Ortega") while being deported to Columbia on the M/V SEABOARD EAGLE. Now before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction by Patt Manfield & Company, Ltd. ("Patt Manfield). For the following reasons, Patt Manfield's Motion is respectfully **DENIED**.

I. Background

Ortega, a Columbian citizen, boarded the M/V SEABOARD EAGLE in Venezuela as a stowaway. When the vessel docked in Houston, he was discovered, taken off the vessel, and detained by immigration authorities. (Def.'s Ex. A.) The immigration authorities returned him to the vessel the next day for repatriation to Columbia, since the vessel's next stop was in Columbia. (Def.'s Ex. A.) The crew placed him in a "safety locker" and checked on him periodically. The day after the ship departed Houston, Ortega was found in severe distress. Later that day, he died, and the vessel returned

to Houston. At the time of Ortega's death, the vessel was outside the territorial waters of Texas. The medical examiner in Houston attributed his death, at least in part, to excessive heat and lack of oxygen. Sixta Tulia Ortega ("Plaintiff"), Ortega's widow, sued various Defendants under Texas and general maritime law.

The ship's technical manager was Defendant Graig Ship Management. Graig contracted with Patt Manfield for crewing and general employment services. Patt Manfield now moves to dismiss for lack of personal jurisdiction.

II. Legal Standard

Patt Manfield argues that this Court cannot exercise personal jurisdiction over it. As a nonresident of Texas, Patt Manfield is subject to personal jurisdiction in this District if it is amenable to service of process under Texas's long-arm statute and the exercise of personal jurisdiction is consistent with due process. *See Electrosource, Inc. v. Horizon Battery Techs. Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Texas's long-arm statute grants jurisdiction over nonresident defendants who do business in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon 1997). Jurisdiction over those doing business in Texas is coterminous with the jurisdiction allowed under the Due Process Clause of the United States Constitution. *See Williams v. Castro*, 21 F. Supp. 2d 691, 692 (S.D. Tex. 1998); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex. 1990).

The question of personal jurisdiction therefore collapses into a single due process inquiry. Whether the exercise of personal jurisdiction over Patt Manfield is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged analysis. First, the Court must conclude that Patt Manfield has "minimum contacts" with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945). Second, the Court must determine that requiring Patt Manfield to litigate in this forum does not offend "traditional notions of

fair play and substantial justice." *Id.*; *see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994); *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). The "minimum contacts" aspect of due process can be satisfied by finding either specific jurisdiction or general jurisdiction. *See Wilson*, 20 F.3d at 647. Contacts unrelated to the cause of action may confer general jurisdiction, but these contacts must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S. Ct. 1868, 1873, 80 L. Ed. 2d 404 (1984). A defendant's limited contact with the forum state may support specific jurisdiction if it gives rise to the cause of action. *See Ruston Gas Turbines*, 9 F.3d at 419 ("A single act by the defendant directed at the forum state, therefore, can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."). Specific jurisdiction is proper if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 1239-40, 2 L. Ed. 2d 1283 (1958).

     Plaintiff and Patt Manfield disagree over facts significant to the resolution of this issue, such as the employment status of the captain and crew. Plaintiff need only make a prima facie showing of jurisdiction. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990); *Guyton v. Pronav Ship Mgmt., Inc.*, 139 F. Supp. 2d 815, 818 (S.D. Tex. 2001). Plaintiff has provided depositions and other evidence supporting her version of the facts, and the Court must resolve all questions of fact in Plaintiff's favor. *See DeJoseph v. Odfjell Tankers (USA), Inc.,* 196 F. Supp. 2d 476, 478 (S.D. Tex. 2002); *Guyton*, 139 F. Supp. 2d at 818.

III. Analysis

Patt Manfield argues that it does not have any offices or agents in Texas, and that it generally does no business in this State. It also argues that while it had a contractual relationship with the captain and crew of the M/V SEABOARD EAGLE, it did not employ them. However, Plaintiff has presented evidence that Patt Manfield selected the captain and crew, and that Patt Manfield had the exclusive right to hire and fire them, discipline them, pay their wages and bonuses, and train them. (Pl.'s Ex. E.) Patt Manfield's contract also required it to conduct any pre-employment physicals and in-house training without reimbursement. (Pl.'s Ex. E.) Lastly, the contract between the Captain and Patt Manfield refers to the parties as "employee" and "employer." (Hanson Dep. Ex. 4.) Patt Manfield may, of course, continue to dispute these facts, but the Court at this stage must resolve questions of fact in favor of Plaintiff. *See DeJoseph,* 196 F. Supp. 2d at 478.

Based on the factors articulated and approved by the Fifth Circuit, Plaintiff has alleged and offered sufficient evidence of facts showing that Patt Manfield employed the captain and crew. *See United States Fire Ins. Co. v. Miller*, 381 F.3d 385, 388 (5th Cir. 2004) (emphasizing a continuing relationship, the right of discharge, initial selection, and the obligation to pay wages as important factors in finding an employer-employee relationship); *Assacurazioni Generali, SpA v. Pipe Line Valve Specialties Co.*, 935 F. Supp. 879, 883-84 (S.D. Tex. 1996) (looking to the terms of the contract, right of control, right to substitute, and other factors). The Court need not decide at this time whether the captain and crew were dual employees of both Patt Manfield and another entity.

This employment relationship is important for two reasons. First, the master and most of the crew joined the vessel in Houston. (Hanson Dep. at 24, Ex. 6.) This undermines Patt Manfield's contention that it does not do business in Texas. Employing workers in Texas to go to work on a vessel located in Texas–regardless of where the ship might then travel–constitutes doing business in Texas.

Even recruiting workers in Texas to perform work elsewhere can form the basis for personal jurisdiction, depending on the circumstances. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042(3) (Vernon 1997); *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 884 (5th Cir. 1993); *Guyton*, 139 F. Supp. 2d at 820. Patt Manfield purposely availed itself of the benefits of the laws of Texas by employing a crew in Texas to join a ship in Houston and perform work while the ship was in Texas. *See Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183; *Hanson*, 357 U.S. at 253, 78 S. Ct. at 1239-40. The events giving rise to this suit happened on the watch of that crew during and immediately following the vessel's time in Texas.

Additionally, if the captain and crew committed a tort, at least part of the tortious activity may have occurred in Texas waters. Because Patt Manfield employed the captain and crew, it cannot escape litigation arising out of the allegedly tortious acts of those employees acting within the scope of their employment. *See Guyton*, 139 F. Supp. 2d at 818 ("An agent's contacts can be imputed to the principal for the purposes of the jurisdictional inquiry."). Committing a tort in whole or in part in Texas provides a basis for personal jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042(2). Patt Manfield receives the benefit of its business in staffing vessels that travel all over the world with crewmen who hail from various countries; therefore, it must accept the risks that come with that business. It should have expected that it could be haled into court in Texas for disputes arising out of its activities here. *See Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 337 (5th Cir. 1999) (discussing the due process requirement of predictability). The Court has specific jurisdiction over Patt Manfield in this case.

The exercise of personal jurisdiction over Patt Manfield by this Court does not offend traditional notions of fair play and substantial justice. In making this determination, the Court considers the burden on the Defendant, the interest of the forum state, "the Plaintiff's interest in convenient and

effective relief," the "judicial system's interest in efficient resolution of controversies," and the states' common interest in fundamental social policies. *Guyton*, 139 F. Supp. 2d at 820; *see also Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987). Patt Manfield has not shown that litigating in Texas would be an extraordinary burden; in fact, Patt Manfield has not argued this point at all. In particular, Patt Manfield has not shown that litigating in Texas would be more burdensome than litigating in Plaintiff's home country of Colombia. While Texas does not necessarily have a strong interest in protecting the rights of foreign nationals who arrive in Texas illegally, Texas does have a strong interest in the generally safe operation of vessels that call at its ports. Finally, requiring Patt Manfield to litigate in this Court serves Plaintiff's interest in obtaining efficient relief as well as the interests of all Parties and the judicial system in consolidating the litigation concerning this incident.

Because the Court has specific jurisdiction and because the exercise of personal jurisdiction over Patt Manfield does not offend traditional notions of fair play and substantial justice, Patt Manfield's Motion to Dismiss for Lack of Personal Jurisdiction is respectfully **DENIED**.

IV. Conclusion

The Court finds that it has personal jurisdiction over Patt Manfield, and Patt Manfield's Motion to Dismiss is therefore respectfully **DENIED**. However, the Court notes that on the facts presented thus far, Plaintiff's case for Patt Manfield's liability is by no means a certainty. Although the captain knew that Ortega was on the vessel for the return trip, his presence was due to an order from immigration authorities, and his status was not an invitee, but a trespasser. Plaintiff has not yet presented sufficient evidence of wrongdoing on the part of the captain or the crew to justify a finding of liability, merely because of Ortega's death aboard the vessel. The Court urges the Parties to move forward with the

substantive development of this case, with an eye towards prompt amicable resolution, if at all possible. Each Party is to bear its own expenses, attorneys' fees, and taxable costs incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of August, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge